Anthony F. Lo Cicero (AL 7538)
Charles R. Macedo (CM 4980)
Benjamin Charkow (BC 4455)
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 336-8000
Facsimile: (212) 336-8001

Attorneys for Plaintiffs
Island Intellectual Property LLC
LIDs Capital LLC, Double Rock Corporation,
and Intrasweep LLC



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------x

| | |
|---|---|
| ISLAND INTELLECTUAL PROPERTY LLC, LIDS CAPITAL LLC, DOUBLE ROCK CORPORATION, and INTRASWEEP LLC, | Civil Action No.: 09 Civ. 2675 (VM) |
| Plaintiffs, | **CONSOLIDATED FIRST AMENDED COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| PROMONTORY INTERFINANCIAL NETWORK, LLC, MBSC SECURITIES CORPORATION, DEUTSCHE BANK AG, DEUTSCHE BANK TRUST COMPANY AMERICAS, and TOTAL BANK SOLUTIONS, LLC, | |
| Defendants. | |

------------------x

CONSOLIDATED FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Pursuant to the Court's May 29, 2009, Order, Plaintiffs Island Intellectual Property LLC ("Island IP"), LIDs Capital LLC ("LIDs Capital"), Double Rock Corporation ("Double Rock"), and Intrasweep LLC ("Intrasweep") (collectively, the "Island Plaintiffs"), by their attorneys Amster, Rothstein & Ebenstein LLP, bring forth their consolidated first amended complaint

430466.1

against Defendants Promontory Interfinancial Network, LLC ("Promontory"), MBSC Securities Corporation ("MBSC"), Deutsche Bank AG ("Deutsche Germany"), Deutsche Bank Trust Company Americas ("Deutsche U.S."), and Total Bank Solutions, LLC ("TBS"). Defendants Deutsche Germany, Deutsche U.S. and TBS shall be referred to collectively as the "Deutsche Defendants."

The Island Plaintiffs allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising out of:

    A. Defendant Promontory's, Defendant MBSC's and the Deutsche Defendants' infringement of U.S. Patent No. 7,509,286 generally relating to computerized account management techniques used with insured deposit accounts;

    B. Defendant Promontory's and the Deutsche Defendants' infringement of U.S. Patent No. 7,519,551 generally relating to computerized account management techniques used with insured deposit accounts; and

    C. the Deutsche Defendants' infringement of U.S. Patent No. 7,536,350 generally relating to computerized account management techniques used with insured deposit accounts offered by multiple banks.

2. Specifically, this Consolidated First Amended Complaint asserts claims against:

    A. Defendant Promontory, Defendant MBSC and the Deutsche Defendants arising from their infringement of at least Claim 1 of U.S. Patent No. 7,509,286, issued on March 24, 2009, and entitled "Systems and Methods for Money Fund Banking with Flexible Interest Allocation" ("the '286 Patent");

    B. Defendant Promontory arising from its infringement of at least Claim 18 of U.S. Patent No. 7,519,551 issued on April 13, 2009, and entitled "Systems and Method For

Administering Return Sweep Accounts" ("the '551 Patent");

   C. the Deutsche Defendants arising from their infringement of at least Claim 1 of the '551 Patent; and

   D. the Deutsche Defendants arising from their infringement of at least Claim 12 of U.S. Patent No. 7,536,350, issued on May 19, 2009, and entitled "Systems and Methods for Providing Enhanced Account Management Services for Multiple Banks" ("the '350 Patent").

  3. True and correct copies of the '286 Patent, '551 Patent, and '350 Patent are attached hereto as Exhibits A, B, and C, respectively.

## THE PARTIES

  4. Island IP is a limited liability company, organized and existing under the laws of the State of Delaware. Island IP's principal place of business is located at 1250 Broadway, Thirty-Second Floor, New York, NY 10001, within this District.

  5. LIDs Capital is a limited liability company, organized and existing under the laws of the State of Delaware. LIDs Capital's principal place of business is located at 1250 Broadway, Thirty-Second Floor, New York, NY 10001, within this District.

  6. Double Rock is a corporation organized and existing under the laws of the State of New Jersey. Double Rock's principal place of business is located at 1250 Broadway, Thirty-Second Floor, New York, NY 10001, within this District.

  7. Intrasweep is a limited liability company, organized and existing under the laws of the State of Delaware. Intrasweep's principal place of business is located at 1250 Broadway, Thirty-Second Floor, New York, NY 10001, within this District.

  8. Upon information and belief, Defendant Promontory is a limited liability company organized and existing under the laws of the State of Delaware with a place of business at 1515 North Courthouse Road, Suite 800, Arlington, VA 22201. Defendant Promontory also

maintains an office at 280 Park Avenue, 33rd Floor West, New York, NY 10017, within this District.

9. Upon information and belief, Defendant MBSC is a corporation organized and existing under the laws of the State of New York, with a place of business at 200 Park Avenue, New York, NY 10166, within this district.

10. Upon information and belief, Defendant Deutsche Germany is a corporation organized and existing under the laws of the Federal Republic of Germany. Deutsche Germany's regional head office in the United States is located at 60 Wall Street, New York, New York, 10005, within this District.

11. Upon information and belief, Defendant Deutsche U.S. is a corporation organized and existing under the laws of the State of New York. Deutsche U.S.'s principal place of business is located at 60 Wall Street, New York, New York 10005, within this District.

12. Upon information and belief, Defendant TBS is a corporation organized and existing under the laws of the State of New Jersey. TBS's principal place of business is located at Three University Plaza, Suite 320, Hackensack, NJ 07601.

JURISDICTION AND VENUE

13. This is a civil action for patent infringement arising under the United States patent statutes, 35 U.S.C. § 1 *et seq*.

14. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

15. Upon information and belief, Defendant Promontory is subject to this Court's personal jurisdiction because it does substantial business in this judicial district, including: (i) offering and operating its banking services within this State and this District; (ii) maintaining an office within this State and this District; and (iii) operating its infringing insured deposit program

within this State and in this District.  Defendant Promontory is qualified to do business in the State of New York.

16. Upon information and belief, Defendant MBSC is subject to this Court's personal jurisdiction because it, including by and through its division Dreyfus Investments, does substantial business in this judicial district, including: (i) offering and operating its banking services within this State and this District; (ii) maintaining an office within this State and this District; and (iii) operating its infringing insured deposit program within this State and in this District.  In addition, as a New York Corporation, Defendant MBSC has designated an agent for service of process in the State of New York.

17. Upon information and belief, Defendant Deutsche Germany is subject to this Court's personal jurisdiction because it does substantial business in this judicial district, including:  (i) offering and operating its banking services within this State and this District; (ii) maintaining an office within this State and this District; and (iii) operating its infringing insured deposit program within this State and in this District.  In addition, Deutsche Germany has designated Deutsche Bank Americas, located at 60 Wall Street, New York, NY 10005, as its agent in the State of New York.

18. Upon information and belief, Defendant Deutsche U.S. is subject to this Court's personal jurisdiction because it has done substantial business in this judicial district, including: (i) offering and operating its banking services within this State and this District; (ii) maintaining an office within this State and this District; and (iii) acting as the intermediary for Deutsche Germany's infringing insured deposit program within this State and in this District.  In addition, as a New York Corporation, Defendant Deutsche U.S. has designated an agent for service of process in the State of New York.

19. Upon information and belief, Defendant TBS is subject to this Court's personal jurisdiction because it has done substantial business in this judicial district, including offering and operating computer and record keeping services for at least Deutsche U.S.'s infringing insured deposit program within this State and in this District.

20. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## FACTUAL BACKGROUND

21. The Island Plaintiffs are industry leaders in providing cash management and monetary regulation systems.

22. The principals of Double Rock developed an innovative product known as "insured deposits," which provides financial service institutions with the ability to offer customers FDIC-insured, interest bearing demand accounts, with unlimited checking.

23. One type of insured deposits product, developed by Double Rock and now offered through LIDs Capital, is an insured deposits program for broker dealers and clearing agents that permits brokerage accounts to have expanded FDIC insurance protection.

24. One type of insured deposits product, developed by Double Rock and now offered through Intrasweep, is an "on balance sheet" cash sweep solution for banks that helps banks grow core deposits.

25. Since its first introduction, the principals of Double Rock developed improvements to the insured deposits product.

26. Various improvements developed by the principals of Double Rock for the insured deposits product relate to the ability to provide financial service institutions with the ability to offer different interest rates to different customers participating in the program, known as "tiered interest rates."

27.     Various improvements developed by the principals of Double Rock for the insured deposits product relate to the ability to provide financial service institutions with the ability to maintain more assets in a program within their own financial services infrastructure.

28.     Various improvements developed by the principals of Double Rock for the insured deposits product offered by banks relate to providing banks the ability to join a network where they can obtain reciprocity for funds put into the network, thus providing the banks' clients enhanced FDIC insurance protection while maintaining a greater amount of funds on the banks' balance sheets.

## THE PATENTS-IN-SUIT

29.     The '286 Patent claims a novel method of managing client funds by providing financial institutions the ability to provide client accounts with increased FDIC insurance and provide interest using tiered interest rates.  The patented method also manages the accounts by aggregating the client accounts at each bank participating within the program.

30.     The '551 Patent claims a novel method of managing client funds by providing financial institutions the ability to provide client accounts with increased FDIC insurance.  The patented method also manages the accounts by aggregating the client accounts at each bank participating within the program where one of the banking participants in the program is the same as or affiliated with the financial institution.

31.     The '350 Patent claims a novel method of managing client funds by providing banks the ability to provide client accounts with increased FDIC insurance, yet maintain a corresponding amount of assets to the excess deposits on the banks' books.

32.     Island IP, a wholly-owned subsidiary of Double Rock, is the owner of all rights, title and interest in the '286 Patent, the '551 Patent, and the '350 Patent.

33. LIDs Capital, also a wholly-owned subsidiary of Double Rock, is the exclusive licensee of Island IP for the '286 Patent, the '551 Patent, and the '350 Patent with respect to providing cash management services for broker dealers and asset managers.

34. Intrasweep, also a wholly-owned subsidiary of Double Rock, is the exclusive licensee of Island IP for the '286 Patent, the '551 Patent and the '350 Patent with respect to, *inter alia*, providing cash management services for banks in connection with money market deposit accounts and demand deposit accounts that facilitate the transfer of funds between money market deposit accounts and demand deposit accounts.

35. Double Rock is a sublicensee of Intrasweep and LIDs Capital for the '286 Patent, the '551 Patent, and the '350 Patent, with respect to the same fields of use as the exclusive licenses of Intrasweep and LIDs Capital.

## THE PROMONTORY AND DREYFUS INFRINGING PRODUCTS

36. Upon information and belief, Defendant Promontory operates, within the United States, a money management program designated as the "Insured Network Deposits" or "IND" service, which allows broker-dealers to offer a multi-bank, FDIC-insured deposit sweep product ("the IND Service"). The IND Service includes services designated as "IND for broker-dealers" and "IND for bankers."

37. Upon information and belief, Dreyfus Investments, a division of Defendant MBSC, within the United States, offers for sale the "Dreyfus Insured Deposit Program," a financial product using the IND Service of Defendant Promontory.

38. Upon information and belief, the computer systems used by Defendant Promontory to implement the IND Service use the methods claimed in at least Claim 1 of the '286 Patent.

39. Upon information and belief, the computer systems used by Defendant MBSC to implement the Dreyfus Insured Deposit Program, a financial product using the IND Service of Defendant Promontory, use the methods claimed in at least Claim 1 of the '286 Patent.

40. Defendant Promontory and Defendant MBSC do not have a license or other authorization from any of the Island Plaintiffs to practice the claims set forth in the '286 Patent.

41. Upon information and belief, the computer systems used by Defendant Promontory with the IND Service use the methods claimed in at least Claim 18 of the '551 Patent.

42. Defendant Promontory does not have a license or other authorization from any of the Island Plaintiffs to practice the claims set forth in the '551 Patent.

43. Defendant Promontory and Defendant MBSC compete directly with the broker dealer insured deposit products offered by LIDs Capital and Double Rock as a sublicensee of LIDs Capital.

## THE DEUTSCHE DEFENDANTS INFRINGING PRODUCTS

44. Upon information and belief, the Deutsche Defendants operate, within the United States, a money management program designated as the "Deutsche Bank Insured Deposit Program" ("Deutsche IDP").

45. Upon information and belief, TBS is a financial data processing company that offers its own insured deposit program which provides the computer and record keeping services for at least the Deutsche IDP.

46. Upon information and belief, the computer systems used with the Deutsche IDP use the methods claimed in at least Claim 1 of the '286 Patent.

47. The Deutsche Defendants do not have a license or other authorization from any of the Island Plaintiffs to practice the claims set forth in the '286 Patent.

48. Upon information and belief, the computer systems used with the Deutsche IDP use the methods claimed in at least Claim 1 of the '551 Patent.

49. The Deutsche Defendants do not have a license or other authorization from any of the Island Plaintiffs to practice the claims set forth in the '551 Patent.

50. Upon information and belief, the computer systems used with the Deutsche IDP use the methods claimed in at least Claim 12 of the '350 Patent.

51. The Deutsche Defendants do not have a license or other authorization from any of the Island Plaintiffs to practice the claims set forth in the '350 Patent.

52. The Deutsche IDP competes directly with the products offered by Intrasweep, LIDs Capital, and Double Rock as a sublicensee of both Intrasweep and LIDs Capital.

COUNT ONE

(By Plaintiffs Island IP, LIDs Capital and Double Rock for Patent Infringement by the Defendant Promontory and Defendant MBSC of the '286 Patent)

53. Plaintiffs Island IP, LIDs Capital and Double Rock incorporate by reference as if fully set forth herein the averments contained within Paragraphs 1-52 above.

54. Defendant Promontory and Defendant MBSC have infringed at least Claim 1 of the '286 Patent, in violation of Title 35, United States Code section 271 through one or more of the following: (1) the manufacture, use, sale, and/or offer for sale of the invention claimed in the '286 Patent; (2) the active inducement of another to infringe the '286 Patent; and/or (3) contributing to the infringement by another of the '286 Patent.

55. Unless enjoined by this Court, Defendant Promontory and Defendant MBSC will continue their acts of infringement causing substantial and irreparable harm to Plaintiffs Island IP, LIDs Capital and Double Rock.

56. Plaintiffs Island IP, LIDs Capital and Double Rock are suffering and will continue

to suffer damages as the direct and proximate result of Defendant Promontory's and Defendant MBSC's infringement of the '286 Patent.

57. Plaintiffs Island IP, LIDs Capital and Double Rock are suffering and will continue to suffer irreparable injury as the direct and proximate result of Defendant Promontory's and Defendant MBSC's infringement of the '286 Patent.

COUNT TWO

(By Plaintiffs Island IP, LIDs Capital and Double Rock for Patent Infringement by the Deutsche Defendants of the '286 Patent)

58. Plaintiffs Island IP, LIDs Capital and Double Rock incorporate by reference as if fully set forth herein the averments contained within Paragraphs 1-52 above.

59. The Deutsche Defendants have infringed at least Claim 1 of the '286 Patent, in violation of Title 35, United States Code section 271 through one or more of the following: (1) the manufacture, use, sale, and/or offer for sale of the invention claimed in the '286 Patent; (2) the active inducement of another to infringe the '286 Patent; and/or (3) contributing to the infringement by another of the '286 Patent.

60. Unless enjoined by this Court, the Deutsche Defendants will continue their acts of infringement causing substantial and irreparable harm to Plaintiffs Island IP, LIDs Capital and Double Rock.

61. Plaintiffs Island IP, LIDs Capital and Double Rock are suffering and will continue to suffer damages as the direct and proximate result of the Deutsche Defendants' infringement of the '286 Patent.

62. Plaintiffs Island IP, LIDs Capital and Double Rock are suffering and will continue to suffer irreparable injury as the direct and proximate result of the Deutsche Defendants' infringement of the '286 Patent.

## COUNT THREE

### (By Plaintiffs Island IP, LIDs Capital and Double Rock for Patent Infringement by Defendant Promontory of the '551 Patent)

63. Plaintiffs Island IP, LIDs Capital and Double Rock incorporate by reference as if fully set forth herein the averments contained within Paragraphs 1-52 above.

64. Defendant Promontory has infringed at least Claim 18 of the '551 Patent, in violation of Title 35, United States Code section 271 through one or more of the following: (1) the manufacture, use, sale, and/or offer for sale of the invention claimed in the '551 Patent; (2) the active inducement of another to infringe the '551 Patent; and/or (3) contributing to the infringement by another of the '551 Patent.

65. Defendant Promontory has been on notice of a published Application which matured into the '551 Patent since at least as early as on or about May 24, 2006.

66. Unless enjoined by this Court, Defendant Promontory will continue its acts of infringement causing substantial and irreparable harm to Plaintiffs Island IP, LIDs Capital and Double Rock.

67. Plaintiffs Island IP, LIDs Capital and Double Rock are suffering and will continue to suffer damages as the direct and proximate result of Defendant Promontory's infringement of the '551 Patent.

68. Plaintiffs Island IP, LIDs Capital and Double Rock are suffering and will continue to suffer irreparable injury as the direct and proximate result of Defendant Promontory's infringement of the '551 Patent.

## COUNT FOUR

### (By Plaintiffs Island IP, Intrasweep and Double Rock for Patent Infringement by the Deutsche Defendants of the '551 Patent)

69. Plaintiffs Island IP, Intrasweep and Double Rock incorporate by reference as if

fully set forth herein the averments contained within Paragraphs 1-52 above.

70. The Deutsche Defendants have infringed at least Claim 1 of the '551 Patent, in violation of Title 35, United States Code section 271 through one or more of the following: (1) the manufacture, use, sale, and/or offer for sale of the invention claimed in the '551 Patent; (2) the active inducement of another to infringe the '551 Patent; and/or (3) contributing to the infringement by another of the '551 Patent.

71. Unless enjoined by this Court, the Deutsche Defendants will continue their acts of infringement causing substantial and irreparable harm to Plaintiffs Island IP, Intrasweep and Double Rock.

72. The Deutsche Defendants have been on notice of a published Application which matured into the '551 Patent since at least as early as on or about October 18, 2005.

73. Plaintiffs Island IP, Intrasweep and Double Rock are suffering and will continue to suffer damages as the direct and proximate result of the Deutsche Defendants' infringement of the '551 Patent.

74. Plaintiffs Island IP, Intrasweep and Double Rock are suffering and will continue to suffer irreparable injury as the direct and proximate result of the Deutsche Defendants' infringement of the '551 Patent.

COUNT FIVE

(By Plaintiffs Island IP, Intrasweep and Double Rock for Patent Infringement by the Deutsche Defendants of the '350 Patent)

75. Plaintiffs Island IP, Intrasweep and Double Rock incorporate by reference as if fully set forth herein the averments contained within Paragraphs 1-52 above.

76. The Deutsche Defendants have infringed at least Claim 12 of the '350 Patent, in violation of Title 35, United States Code section 271 through one or more of the following: (1)

the manufacture, use, sale, and/or offer for sale of the invention claimed in the '350 Patent; (2) the active inducement of another to infringe the '350 Patent; and/or (3) contributing to the infringement by another of the '350 Patent.

77. Unless enjoined by this Court, the Deutsche Defendants will continue their acts of infringement causing substantial and irreparable harm to Plaintiffs Island IP, Intrasweep and Double Rock.

78. Plaintiffs Island IP, Intrasweep and Double Rock are suffering and will continue to suffer damages as the direct and proximate result of the Deutsche Defendants' infringement of the '350 Patent.

79. Plaintiffs Island IP, Intrasweep and Double Rock are suffering and will continue to suffer irreparable injury as the direct and proximate result of the Deutsche Defendants' infringement of the '350 Patent.

### PRAYER FOR RELIEF

WHEREFORE, the Island Plaintiffs request judgment against Defendant Promontory, Defendant MBSC and the Deutsche Defendants as follows:

I. WITH RESPECT TO THE '286 PATENT

A. That Defendant Promontory, Defendant MBSC and the Deutsche Defendants be held liable for infringement of at least Claim 1 of the '286 Patent.

B. That a permanent injunction issue against Defendant Promontory, Defendant MBSC and the Deutsche Defendants, their officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '286 Patent.

C. That the Court Order Defendant Promontory, Defendant MBSC and the Deutsche Defendants to pay to Plaintiffs Island IP, LIDs Capital and Double Rock damages adequate to compensate Plaintiffs Island IP, LIDs Capital and Double Rock for the acts of infringement of Defendant Promontory, Defendant MBSC and the Deutsche Defendants together with interest and costs, pursuant to 35 U.S.C. § 284.

D. That the Court award such other and further relief as the Court deems just and proper.

II.   WITH RESPECT TO THE '551 PATENT

A. That Defendant Promontory be held liable for infringement of at least Claims 18 of the '551 Patent.

B. That the Deutsche Defendants be held liable for infringement of at least Claim 1 of the '551 Patent.

C. That a permanent injunction issue against Defendant Promontory and the Deutsche Defendants, their officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '551 Patent.

D. That the Court Order Defendant Promontory and the Deutsche Defendants to pay to the Island Plaintiffs damages adequate to compensate the Island Plaintiffs for the acts of infringement of Defendant Promontory and the Deutsche Defendants together with interest and costs, pursuant to 35 U.S.C. § 284.

E. That the Court award such other and further relief as the Court deems just and proper.

### III. WITH RESPECT TO THE '350 PATENT

A. That the Deutsche Defendants be held liable for infringement of at least Claim 12 of the '350 Patent.

B. That a permanent injunction issue against the Deutsche Defendants, their officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '350 Patent.

C. That the Court Order the Deutsche Defendants to pay to Plaintiffs Island IP, Intrasweep and Double Rock damages adequate to compensate Plaintiffs Island IP, Intrasweep and Double Rock for the acts of infringement of the Deutsche Defendants together with interest and costs, pursuant to 35 U.S.C. § 284.

D. That the Court award such other and further relief as the Court deems just and proper.

//
//
//
//
//
//
//
//
//
//
//

## DEMAND FOR JURY TRIAL

80. The Island Plaintiffs hereby request a trial by jury.

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN LLP

Dated: New York, New York
June 11, 2009

By _____
Charles R. Macedo (CM 4980)

Of Counsel:
Anthony Lo Cicero (AL 7538)
Benjamin Charkow (BC 4455)

90 Park Avenue
New York, New York 10016
Tel.: (212) 336-8000
Fax: (212) 336-8001
cmacedo@arelaw.com
alocicero@arelaw.com
bcharkow@arelaw.com
IslandIP@arelaw.com

Attorneys for Plaintiffs
Island Intellectual Property LLC
LIDs Capital LLC, Double Rock Corporation, and
Intrasweep LLC

-17-

430466.1