UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------x

ISLAND INTELLECTUAL PROPERTY LLC, LIDS CAPITAL LLC, DOUBLE ROCK CORPORATION, and INTRASWEEP LLC,

Plaintiffs,

v.

PROMONTORY INTERFINANCIAL NETWORK, LLC, MBSC SECURITIES CORPORATION, DEUTSCHE BANK AG, DEUTSCHE BANK TRUST COMPANY AMERICAS, and TOTAL BANK SOLUTIONS, LLC,

Defendants.

------------------------x

Civ. No.: 09 Civ. 2675 (VM) (AJP)

**ECF Case**

**ISLAND PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION UNDER LOCAL CIVIL RULE 6.3**

Anthony F. Lo Cicero (AL 7538)
Charles R. Macedo (CM 4980)
Norajean McCaffrey (NM 5291)
Benjamin Charkow (BC 4455)
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 336-8000
Facsimile: (212) 336-8001

Attorneys for Plaintiffs
Island Intellectual Property LLC
LIDs Capital LLC, Double Rock Corporation, and Intrasweep LLC

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. DEFENDANTS HAVE NOT MET THEIR HEAVY BURDEN ON A MOTION FOR RECONSIDERATION ..... 2

- A. Defendants Ignore the Standard for Motions for Reconsideration Under Local Civil Rule 6.3 ..... 2
- B. Defendants Have Not Presented Any Controlling Law or Facts that Could Reasonably Be Expected to Alter this Court's Conclusion ..... 3

III. THIS COURT'S RULING THAT A PROSECUTION BAR IS UNWARRANTED AGAINST MR. MACEDO IS CORRECT AND SUPPORTED BY THE FACTS OF THIS CASE AND FEDERAL CIRCUIT LAW ..... 5

- A. Standards for Entry of a Protective Order Seeking to Bar Prosecution Activities ..... 5
- B. Defendants Do Not Meet Their Burden of Showing Good Cause to Modify the Protective Order Already in Place in Order to Subject Mr. Macedo to a Prosecution Bar ..... 8

IV. CONCLUSION ..... 15

## TABLE OF AUTHORITIES

Page(s)

CASES

*Citigroup Global Markets Inc. v. VCG Special Opportunities Master Fund Ltd.*,
No. 08-CV-5520, 2009 U.S. Dist. LEXIS 45819 (S.D.N.Y. June 1, 2009) ....... 3

*Commissariat A L'Energie Atomique v. Dell Computer Corp.*,
No. 03-484-KAJ, 2004 U.S. Dist. LEXIS 12782 (D. Del. May 25, 2004) ....... 10

*DeBlasio v. Merrill Lynch & Co., Inc.*,
No. 07-318, 2009 WL 2242605 (S.D.N.Y. July 27, 2009) ....... 13

*Glatzer v. Barone*,
614 F. Supp. 2d 450 (S.D.N.Y. 2009) ....... 2

*Hodosh v. Mileston Scientific, Inc.*,
No. 07-Civ.-7809 (VM) ( DFE) (S.D.N.Y. Apr. 10, 2008) (D.I. 15). ....... 7

*In re Papst Licensing, GmbH, Patent Litig.*,
No. 1298-G, 2000 U.S. Dist. LEXIS 6374 (E.D. La. May 4, 2000) ....... 5

*In re Sibia*,
No. 525, 1997 U.S. App. LEXIS 31828 (Fed. Cir. Oct. 22, 1997) (unpublished) ....... 4, 6, 7, 9, 10, 13

*Infosint S.A. v. Lundebeck A.S.*,
No. 6-CV-2869, 2007 U.S. Dist. LEXIS 36678 (S.D.N.Y. May 16, 2007) ....... 7, 13

*Interactive Coupon Mktg. Group, Inc. v. H.O.T! Coupons, L.L.C.*,
No. 98-C-7408, 1999 U.S. Dist. Lexis 12437 (N.D. Ill. Aug. 9, 1999) ....... 10

*Lichtenberg v. Besicorp Group Inc.*,
No. 99-7858, 2002 U.S. App. LEXIS 1481 (2d Cir. Jan. 25, 2002) ....... 4

*Matshushita Elec. Indus. Co. v. United States*
929 F.2d 1577 (Fed. Cir. 1991) ....... 4, 5, 7

*McCarthy v. Manson*,
714 F.2d 234 (2d Cir. 1983) ....... 3

*Medimmune, Inc. v. Centocor, Inc.*,
271 F. Supp. 2d 762 (D. Md. 2003) ....... 7, 10

*Motorola, Inc. v. Interdigital Tech. Corp.*,
No. 03-488-LON, 1994 U.S. Dist. LEXIS 20714 (D. Del. Dec. 19, 1994) ....... 9, 10

*Newman v. RCN Telecom Servs.*,
448 F. Supp. 2d 556 (S.D.N.Y. 2006)....................2, 4

*Pall Corp. v. Entegris, Inc.*,
No. 05-CV-5894, 2008 U.S. Dist. LEXIS 96682 (E.D.N.Y. Nov. 26, 2008)....................5

*Shrader v. CSX Transp.*,
70 F.3d 255 (2d Cir. 1995)....................2

*Sibia Neurosciences Inc. v. Cadus Pharmaceutical Corp.*,
No. 96-1231-IEG, 1997 U.S. Dist. LEXIS 24130 (S.D. Cal. July 14, 1997), aff'd mem., 1997 U.S. App. LEXIS 38128 (Fed. Cir. Oc.t 22, 1997 (unpublished) ....................4, 7

*SmartSignal Corp. v. Expert Microsystems, Inc.*,
No. 02-C-7682, 2006 U.S. Dist. LEXIS 32305 (N.D. Ill. May 12, 2006)....................5, 6, 7, 10, 11

*Trading Tech. Int'l, Inc. v. eSpeed Inc.*,
No. 04-C5312, 2004 U.S. Dist. LEXIS 19429 (N.D. Ill. Sept. 23, 2004) ....................6, 9, 11, 12

*U.S. Steel Corp. v. United States*,
730 F.2d 1465 (Fed. Cir. 1984)....................4, 5, 6, 7

**OTHER AUTHORITIES**

37 CFR 1.56(a)....................13

Fed. R. Civ. P. 26(c) ....................5

S.D.N.Y. Local Civil Rule 6.3 ....................1, 2

Plaintiffs Island Intellectual Property LLC, LIDS Capital, LLC, Double Rock Corporation and Intrasweep LLC (collectively "the Island Plaintiffs") submit this memorandum in opposition to the Motion for Reconsideration pursuant to Local Civil Rule 6.3 of the Court's issuance of the protective order entered on August 21, 2009 (D.I. 44), filed by defendants Promontory Interfinancial Network, LLC ("Promontory"), MBSC Securities Corporation, Deutsche Bank AG, Deutsche Bank Trust Company Americas, and Total Bank Solutions, LLC, (collectively, "Defendants").

## I. INTRODUCTION

Defendants seek to have this Court reconsider pursuant to Local Civil Rule 6.3 its decision to deny Defendants' request to prevent the Island Plaintiffs' lead counsel, Charles R. Macedo, Esq., from continuing to participate in the prosecution of patent applications on behalf of the Island Plaintiffs. Defendants make this request based on the assertion that Mr. Macedo has already appeared at least fourteen times before the U.S. Patent and Trademark Office on behalf of the Island Plaintiffs in patent prosecution, and based on the flawed legal theory that all patent litigators, as a class, should be barred from participating in ongoing prosecution.

These same arguments were made by Defendants and were rejected by this Court with good reason at the August 19, 2009 Case Management Conference ("CMC") (*see* D.I. 46, 08/19/09 Hr'g Tr. at 36-39). As a matter of law, as discussed herein, the preexisting knowledge and experience Mr. Macedo has with respect to the Island Plaintiffs' pending patent portfolio weighs against the relief requested by Defendants. There is also no general principle in the patent law barring an attorney from wearing "two hats," as this Court aptly phrased it. The Federal Circuit has found the opposite.

As discussed herein, Defendants have failed to meet the heavy burden required for this Court to grant Defendants' original relief, let alone the present Motion for Reconsideration.

## II. DEFENDANTS HAVE NOT MET THEIR HEAVY BURDEN ON A MOTION FOR RECONSIDERATION

### A. Defendants Ignore the Standard for Motions for Reconsideration Under Local Civil Rule 6.3

The present motion is a motion for reconsideration pursuant to Local Civil Rule 6.3.[1] "Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Newman v. RCN Telecom Servs.*, 448 F. Supp. 2d 556, 557 (S.D.N.Y. 2006) (internal quotations and citations omitted); *see also Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995) (*accord*). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Glatzer v. Barone*, 614 F. Supp. 2d 450, 471 (S.D.N.Y. 2009) (internal quotations and citations omitted). "To these ends, a request for reconsideration under Local Civil Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *Newman*, 448 F. Supp. 2d at 557. The decision of whether to grant or deny a motion for reconsideration lies within the sound discretion

[1] Defendants seek to recast their Local Civil Rule 6.3 Motion as if their prior request was never heard and decided by this Court. (*See* Defs. Mem. at 1 n.1). Besides being factually untrue, the two non-controlling district court decisions (from a different Circuit) cited by Defendants (*see id.*) which were not made pursuant to Local Civil Rule 6.3 are simply inapposite. Those cases stand for nothing more than the proposition that a court could exercise its discretion on a dispositive motion to consider more arguments than a motion for reconsideration may otherwise require. (*See id.* (*citing Molex Inc. v. Wyler*, 334 F. Supp. 2d 1083 (N.D. Ill. 2004) and *Flanagan v. Methodist Hosp. of Chicago*, No. 95-CV-7287, 1996 U.S. Dist. LEXIS 9222 (N.D. Ill. June 27, 1996))). However, as Local Civil Rule 6.3 provides, this Court is by no means obligated to provide the broad scope of review that Defendants request.

of this Court. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983); *Citigroup Global Mkts. Inc. v. VCG Special Opportunities Master Fund Ltd.*, No. 08-CV-5520, 2009 U.S. Dist. LEXIS 45819, at *3 (S.D.N.Y. May 29, 2009).

**B. Defendants Have Not Presented Any Controlling Law or Facts that Could Reasonably Be Expected to Alter this Court's Conclusion**

Defendants have not justified reconsideration of the prosecution bar issue with respect to Mr. Macedo. In their Motion for Reconsideration, Defendants do not identify any change of controlling law, new evidence, or clear error as the basis for reconsideration because none exists. In fact, Defendants present the same arguments in their Motion for Reconsideration as they presented before this Court at the CMC. (*Compare, e.g.,* D.I. 48, Defs. Mem. at 3-5, *with* D.I. 46, 08/19/09 Hr'g Tr. at 36-39). In essence, Defendants argue in their brief that Mr. Macedo is involved in the Island Plaintiffs' patent prosecution, and cite his participation in fourteen U.S. Patent and Trademark interviews as the sole supporting fact for this claim. (Defs. Mem. at 4-5). They then contend that based on that involvement in prosecution overlapping with Mr. Macedo's role as a litigator, Mr. Macedo will misuse confidential information learned as part of the litigation. (Defs. Mem. at 6-7). These are the same arguments Defendants raised in the CMC, and which this Court considered and rejected. (*See, e.g.*, D.I. 46, 08/19/09 Hr'g Tr. at 36:14-16 ("Indeed, Mr. Macedo himself has appeared before the United States Patent and Trademark Office some 14 times on interviews related to patent applications."), 39:16-19 ("[T]his is an absolutely critical issue and there is very well-established authority that a litigation counsel cannot unlearn and become the patent prosecution.")).

Further, Defendants do not cite any controlling legal authority, previously uncited or otherwise, in their Motion for Reconsideration. More astonishingly, they fail to cite the leading Federal Circuit cases on this issue, which would lead to the denial of their request in any event,

as discussed herein. *See Matsushita Elec. Indus. Co. v. United States*, 929 F.2d 1577, 1579 (Fed. Cir. 1991) (overturning injunction barring counsel from having access to confidential information where counsel was not involved in "competitive decisionmaking"); *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468, 1486 n.3 (Fed. Cir. 1984) (discussing the proper considerations for determining whether counsel is involved in "competitive decisionmaking" so as to determine whether counsel should be barred from observing opponents' sensitive information). *See also In re Sibia Neurosciences*, No. 525, 1997 U.S. App. LEXIS 31828, at *8-9 (Fed. Cir. Oct. 22, 1997) (unpublished) (affirming denial of prosecution bar where counsel's ongoing litigation and prosecution activities did not amount to "competitive decisionmaking"), *aff'g*, No. 96-1231-IEG, 1997 U.S. Dist. LEXIS 24130, at *22, 26-27 (S.D. Cal. July 14, 1997) (striking portion of protective order which prevented counsel from reviewing sensitive information since there was no evidence of counsel's involvement in competitive decisionmaking).

Thus, while Defendants may be unhappy with the result, there are no facts or controlling law that was overlooked by this Court in its ruling "that might reasonably be expected to alter the conclusion reached by the court." *Newman*, 448 F. Supp. 2d at 557. As the Second Circuit has warned, "[a] motion for reconsideration is not an opportunity for the moving party 'to argue those issues already considered when a party does not like the way the original motion was resolved.'" *Lichtenberg v. Besicorp Group Inc.*, No. 99-7858, 2002 U.S. App. LEXIS 1481, at *5 (2d Cir. Jan. 25, 2002) (unpublished) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).[2]

[2] Likewise, it is too late for Defendants to raise any additional law or facts in Defendants' Reply in support of their motion.

## III. THIS COURT'S RULING THAT A PROSECUTION BAR IS UNWARRANTED AGAINST MR. MACEDO IS CORRECT AND SUPPORTED BY THE FACTS OF THIS CASE AND FEDERAL CIRCUIT LAW

### A. Standards for Entry of a Protective Order Seeking to Bar Prosecution Activities

Rule 26(c) of the Federal Rules of Civil Procedure requires that a party, here Defendants, seeking to protect allegedly confidential information show "good cause" for such an order. The good cause requirement of Rule 26(c) places the burden upon the movant to show the necessity for the issuance of a protective order as well as to modify an existing protective order. *Id.* Thus, a party "must make a strong showing of good cause before [a] Court will modify the stipulated protective order." *SmartSignal Corp. v. Expert Microsystems, Inc.*, No. 02-C-7682, 2006 U.S. Dist. LEXIS 32305, at *6 (N.D. Ill. May 12, 2006) (noting that a proposed modification to a protective order that would ultimately deny a party the counsel of its choosing "is disfavored in our judicial system and requires a strong showing [of good cause] in and of itself").[3]

Under Federal Circuit precedent, the central inquiry in determining if protection of sensitive information requires a prosecution bar-type restriction revolves around whether counsel participated in "competitive decisionmaking." *U.S. Steel,* 730 F.2d, at 1468 n.3; *Matsushita*, 929 F.2d at 1579 (holding the denial of access to proprietary information depends on whether counsel is involved in competitive decisionmaking, as defined by *U.S. Steel*). Only when a moving party

[3] Further, as Defendants' own authority recognizes, Rule 26(c) "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" in order to meet the burden to demonstrate necessity of protection from disclosure. *In re Papst Licensing, GmbH, Patent Litig.*, No. 1298-G, 2000 U.S. Dist. LEXIS 6374, at *6 (E.D. La. May 4, 2000) (citation omitted) (cited in Defs. Mem. at 7). Likewise, as another of Defendants' cited authority recognizes, "discovery matters, including issuance and application of protective orders, are non-dispositive decisions governed by Federal Rule of Civil Procedure 72(a) and the Federal Magistrate Act, 28 U.S.C. § 636(b)(1)(A)." *Pall Corp. v. Entegris, Inc.*, No. 05-CV-5894, 2008 U.S. Dist. LEXIS 96682, at *9 (E.D.N.Y. Nov. 26, 2008) (cited in Defs. Mem. at 6). Given a Magistrate Judges' broad discretion to resolve such nondispositive issues, courts may "overrule such decision only where it is clearly erroneous or contrary to law." *Id.* at *9-10.

shows that the attorney in question is involved in competitive decisionmaking is a prosecution bar appropriate to consider. *In re Sibia*, 1997 U.S. App. LEXIS 31828, at *8-9 (*citing Matsushita* 929 F.2d at 1580). The type of "competitive decision making" required to impose such a limitation does not include merely prosecuting patents, as is the case here, but instead is directed to pricing, marketing, product design or the like. *See U.S. Steel*, 730 F.2d at 1468 n.3 (noting that the phrase "competitive decisionmaking" "would appear serviceable as shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor"); *see also Trading Techs. Int'l v. eSpeed Inc.*, No. 04-C5312, 2004 U.S. Dist. LEXIS 19429, at *2 (N.D. Ill. Sept. 23, 2004).

Curiously, not only do Defendants fail to attempt to meet this high standard, but they also fail to even cite the Federal Circuit precedent and recognize its binding standards. As one court explained:

> Defendant's argument and case law in effect advocate a per se rule that denies patent attorneys access to confidential information and is inconsistent with Federal Circuit precedent. Despite the concerns raised in Defendant's cases, the Federal Circuit clearly requires an individualized factual showing of competitive decision-making before denying access to an attorney.

*SmartSignal Corp.*, 2006 U.S. Dist. LEXIS 32305, at *19-20.

Thus, the analysis of the propriety of the extreme protection of a prosecution bar must be made on a case-by-case basis and "decided based on the specific facts involved therein." *In re Sibia*, 1997 U.S. App. LEXIS 31828, at *7; *U.S. Steel Corp.*, 730 F.2d at 1468 ("[T]he factual circumstances surrounding each individual counsel's activities, association, and relationship with a party, whether counsel be in-house or retained, must govern any concern for inadvertent or

accidental disclosure.").[4] Courts have specifically rejected a *per se* rule which would deny an attorney access to sensitive information based on the categorization of that attorney as patent prosecution or in-house counsel. *See, e.g., In re Sibia*, 1997 U.S. App. LEXIS 31828 at *7-8 (explaining that the facts, not the category of counsel, must inform the result in holding that outside counsel who was involved in patent prosecution was not barred from accessing sensitive information); *U.S. Steel*, 730 F.2d at 1469 ("We hold only that status as in-house counsel cannot alone create that probability of serious risk to confidentiality and cannot therefore serve as the sole basis for denial of access."); *Matsushita*, 929 F.2d at 1580 ("It is a natural extension of the rule enunciated by this court in *U.S. Steel* that a denial of access sought by in-house counsel on the sole ground of status as a corporate officer is error."); *SmartSignal Corp.*, 2006 U.S. Dist. LEXIS 32305, at *19-20, *supra*; *MedImmune, Inc. v. Centocor, Inc.*, 271 F. Supp. 2d 762, 773-74 (D. Md. 2003) (specifically rejecting a *per se* prohibition on the use of litigation counsel who also prosecute patents); *Sibia Neurosciences Inc. v. Cadus Pharm. Corp.*, No. 96-1231-IEG, 1997 U.S. Dist. LEXIS 24130, at *23-24 (S.D. Cal. July 14, 1997) (specifically rejecting a *per se* rule that counsel who prosecute patents in a particular field should always be prevented from viewing sensitive information produced in infringement litigation concerning patents in that field), *aff'd mem.*, 1997 U.S. App. LEXIS 31828 (Fed. Cir. 1997) (unpublished).[5]

---

[4] Even Defendants cited authority agrees. *See, e.g., Infosint S.A. v. Lundbeck A.S.*, 6-cv-2869, 2007 U.S. Dist. LEXIS 36678 at *9 (S.D.N.Y. May 16, 2007)("When conducting an inquiry, courts have adopted a case-by-case analysis, rather than a category-based exclusion policy. . . .") (cited in Defs. Mem. at 6-7).

[5] Indeed, the form of protective order originally proffered by the Island Plaintiffs was identical to the last protective order entered in a patent case presided over by Judge Marrero. *See Hodosh v. Mileston Scientific, Inc.*, No. 07-Civ.-7809 (VM) (DFE) (S.D.N.Y. Apr. 10, 2008) D.I. 15 (Stipulation and Order). It contained no prosecution bar.

### B. Defendants Do Not Meet Their Burden of Showing Good Cause to Modify the Protective Order Already in Place in Order to Subject Mr. Macedo to a Prosecution Bar

Defendants in this case have not demonstrated that a prosecution bar is warranted against Mr. Macedo under the requisite standard. In support of their position both at the CMC and on their present motion, Defendants have merely offered the types of "stereotyped and conclusory statements" about Mr. Macedo's participation in prosecution and litigation that courts find insufficient to establish the necessity of a prosecution bar. Such conclusory arguments without providing any "particular and specific demonstration of fact" are insufficient to meet Defendants' heavy burden of showing good cause to expand the protective order to incorporate such a severe restriction on Mr. Macedo.

Mr. Macedo is lead litigation counsel for the Island Plaintiffs. (D.I. 46, 08/19/09 Hr'g Tr. at 38:6-9). In addition, he also has a supervisory role for the Island Plaintiffs commonly filled by in-house counsel which includes overseeing the Island Plaintiffs' patent prosecution. (*See* Defs. Mem. at 4). In that role he has gained knowledge and expertise with respect to the Island Plaintiffs' inventions which he has then applied to prosecution of their patent applications. Defendants seek to take advantage of Mr. Macedo's knowledge of the Island Plaintiffs' inventions and expertise in the present litigation.

As lead litigation counsel, it is paramount that Mr. Macedo review information to confirm and prove infringement. This is not disputed. (D.I. 46, 08/19/09 Hr'g Tr. at 38:10-14). With respect to the patent prosecution, Defendants contend that Mr. Macedo should be barred from prosecution going forward based solely on his participation in fourteen interviews at the U.S. Patent and Trademark Office. (Defs. Mem. at 3, 7). In response to this argument, this Court ruled at the CMC that "[y]ou can't do that to a lawyer." (D.I. 46, 08/19/09 Hr'g Tr. at 36:24). In particular, this Court recognized that Mr. Macedo "may have two hats" and this Court would not

"bar[] a lawyer from earning a living." (*Id.* at 38:4-5; 39:4-5). Not only have courts found the prelitigation involvement in patent prosecution by litigation counsel insufficient to justify the type of restrictions Defendants seek here, but to the contrary, courts have considered such activity as a basis for denying such relief. For example, in *Trading Techs.*, the attorney was primarily a litigator who "in the past, [became] incidentally involved in patent applications by, for example, participating in interviews at the PTO, where the applicant is seeking to persuade the patent examiner of the strength of its position." *Trading Techs.*, 2004 U.S. Dist. LEXIS 19429 at *2. As such, the court found that "[h]e there act[ed] as an advocate, not as a drafter of specifications and claims, and certainly not as one involved in his client's decisions regarding pricing, marketing, product design or the like." *Id.* Accordingly, the court held that "the risk of inadvertent misuse of confidential material is not great enough to justify the restrictions defendant proposes." *Id.*

Defendants have made no showing that Mr. Macedo is involved in competitive decision making with respect to the Island Plaintiffs. Thus, like the attorney in *Trading Techs.*, Mr. Macedo's participation in interviews before the U.S. Patent and Trademark Office as an advocate as well as his position as lead litigation counsel should not result in a bar from his supervision of prosecuting patents going forward. *See also In re Sibia*, 1997 U.S. App. LEXIS 31828, at *7-9 (denying plaintiff's petition for writ of mandamus and noting that "there was no evidence that [defendant's] outside counsel, particularly Mr. DeConti [who had represented defendants for several years in patent prosecution work], was involved in competitive decisionmaking").

Defendants' main justification for subjecting Mr. Macedo to a prosecution bar relies upon the reasoning of the District of Delaware case in *Motorola, Inc. v. Interdigital Tech. Corp.*, No. 03-488-LON, 1994 U.S. Dist. LEXIS 20714 (D. Del. Dec. 19, 1994). Specifically, Defendants contend that courts "universally recognize[] that . . . prior exposure to an adversary's

confidential information will almost inevitably result in some degree of tainting of the patent prosecution process."[6] (Defs. Mem. at 8 (citing *Motorola* and progeny[7])). However, this reasoning was rejected by the Federal Circuit in *Sibia.* 1997 U.S. App. LEXIS 31828, at *7-9. In *Sibia*, the Federal Court held that denying access to outside counsel on the grounds that they also participate in some aspects of patent prosecution is the type of generalization counseled against in *U.S. Steel*. *Id.* at *7. *See also SmartSignal Corp.*, 2006 U.S. Dist. LEXIS 32305 at *17-21 (criticizing the reasoning in *Motorola* and endorsing *In re Sibia* by not finding competitive decision making in patent prosecution context); *MedImmune,* 271 F. Supp. 2d at 774 n.13 ("If 'shaping' patent applications amounts to competitive decision-making, the Court has trouble imagining a patent prosecutor who would not meet that standard."; holding that counsel involved in litigation and prosecution should be allowed to view confidential and highly confidential materials under the protective order because he was not a "competitive decision-maker").

Thus, "barring [Mr. Macedo] from prosecuting similar patents for two years following this lawsuit, without some tangible reason or good cause other than the general threat of inadvertent misuse of discovered materials, is the exact type of overly broad and generalized fear rejected by the Federal Circuit in *U.S. Steel* and *In re Sibia*." *SmartSignal Corp.,* 2006 U.S. Dist.

---

[6] Defendants presented this same argument at the CMC, contending that "litigation counsel cannot unlearn and become the patent prosecution." This Court rejected this argument. (D.I. 46, 08/19/09 Hr'g Tr. at 38).

[7] *See, e.g., Commissariat A L'Energie Atomique v. Dell Computer Corp.*, No. 03-484-KAJ, 2004 U.S. Dist. LEXIS 12782, at *9 (D. Del. May 25, 2004) (citing *Motorola* in denying attorneys access to a party's sensitive information based on the assumption that patent attorneys exposed to such material will inevitably disclose confidential information at some point) (cited in Defs. Mem. at 8); *Cummins-Allison Corp. v. Glary Ltd.*, No. 02-C-7008, 2003 U.S. Dist. Lexis 23653, at *23–27 (N.D. Ill. Dec. 31, 2003) (same) (cited in Defs. Mem. at 8, 9); *Motorola,* 1994 U.S. Dist. LEXIS 20714, at *15 (same) (Defs. Mem. at 8 n.7); *cf. also Interactive Coupon Mktg. Group, Inc. v. H.O.T! Coupons, L.L.C.*, No. 98-C-7408, 1999 U.S. Dist. Lexis 12437, at *3 (N.D. Ill. Aug. 9, 1999) (denying attorneys access to a party's sensitive information based on the assumption that patent attorneys exposed to such material will inevitably disclose confidential information at some point) (cited in Defs. Mem at 7, 8).

LEXIS 32305 at *21-22 (noting that there is "no reason for the Court to believe that either [attorney] will not strictly follow the stipulated protective order and refrain from using, either inadvertently or intentionally, Defendant's confidential information."); *Trading Techs.*, 2004 U.S. Dist. LEXIS 19429 at *2 ("We conclude that the risk of inadvertent misuse of confidential material is not great enough to justify the restrictions defendant proposes.").

Further, Mr. Macedo's involvement with the prosecution of the Island Plaintiffs' patents was further necessitated as a result of Defendants' actions. As early as October 4, 2006, counsel for Promontory began writing to Mr. Macedo as pre-litigation counsel, obligating him to partake in the Island Plaintiffs' patent prosecution.[8] Specifically, in this letter addressed to Mr. Macedo, Promontory's counsel stated, "we write to apprise ***you*** of information we have learned that may be pertinent to [the Island Plaintiffs'] patent and patent applications" and advised that disclosure was necessary to "comply with [the Island Plaintiffs'] duty of candor. . . ." (Letter from Richard L. Rainey, Esq. to Charles R. Macedo Esq., cc: William T. Ellis, dated October 4, 2006) (emphasis added).[9] Promontory's pre-litigation counsel continued to send similar letters, as pleaded in the Complaint, including an October 16, 2008 letter to Mr. Macedo where Promontory referenced prior letters sent to "***you***" which purportedly required [the Island Plaintiffs] to "investigate" and "take action" with the U.S. Patent and Trademark Office. (Letter from Richard L. Rainey, Esq., to Charles R. Macedo Esq., cc: William T. Ellis, Esq., dated October 16, 2006) (emphasis added). Thus, after Defendants instigated that Mr. Macedo, as pre-

---

8 Promontory has been on notice that the Island Plaintiffs had an issued patent and pending patent applications since May 24, 2006. (*See* D.I. 27-2, ¶¶ 141, 143). The letters written herein were part of the dialog between pre-litigation counsel regarding the Island Plaintiffs' patent portfolio.

9 Indeed, this letter and assertion that the information referenced therein was required to be communicated to the U.S. Patent and Trademark Office is part and parcel of Promontory's claims. (*See* D.I. 27-2, ¶ 147).

litigation counsel, participate in prosecution of the Island Plaintiffs' patent applications along with prosecution counsel to address and monitor these serious allegations, it is too late for them now to complain that he is doing so.

Despite having furthered Mr. Macedo's involvement in the prosecution, Defendants now seek to preclude the Island Plaintiffs from utilizing Mr. Macedo's years of experience in both litigation and patent prosecution on the Island Plaintiffs' behalf, along with his knowledge of the Island Plaintiffs' technology that coincides with that experience. Barring Mr. Macedo from participating in the prosecution of the Island Plaintiffs' patents and patent applications going forward and preventing the Island Plaintiffs from taking advantage of Mr. Macedo's unique and specialized experience and knowledge would result in considerable harm to the Island Plaintiffs, in addition to imposing undue restrictions on Mr. Macedo's ability to earn a living as a lawyer, as this Court recognized. (*See* D.I. 46, 08/19/09 Hr'g Tr. at 38-39). As such, this harm cannot be alleviated by the fact that another attorney[10] is also involved with prosecution of the Island Plaintiffs' patents, as Defendants contend. (*See* Defs. Mem. at 8). *Cf. Trading Techs.*, 2004 U.S. Dist. LEXIS 19429 at *2 (rejecting prosecution bar where litigator "has, in the past, become incidentally involved in patent applications by, for example, participating in interviews at the PTO, where the applicant is seeking to persuade the patent examiner of the strength of its position").[11]

---

[10] Defendants' identification of 22 attorneys from Mr. Ellis's firm as being authorized to participate in prosecution on behalf of the Island Plaintiffs (Defs. Mem. at 8) is disingenuous. Mr. Ellis is the only attorney from his firm who is involved with the day-to-day prosecution of the patents-in-suit or other Island Plaintiffs' patent applications.

[11] Moreover, the *Infosint* case that Defendants rely heavily upon in support of their argument is likewise distinguishable on this basis. (*See* Defs. Mem. at 7). In particular, in *Infosint*, the plaintiff's attorney that was denied access to the defendant's most confidential information was "not [plaintiff's] litigation counsel in [the] case, so access to the information [was] not crucial to prosecuting [plaintiff's] claim," and therefore, the court found that there was no undue harm.

In addition, the restriction sought by Defendants, if imposed, could conflict with Mr. Macedo's and the Island Plaintiffs' ongoing ethical duties to the U.S. Patent and Trademark Office. For example, in the joint letter submitted to Judge Marrero on August 18, 2009, Defendants' identified the case of *DeBlasio v. Merrill Lynch & Co., Inc.*, No. 07-318, 2009 WL 2242605 (S.D.N.Y. July 27, 2009), which they cited as relevant to the products at issue. After such identification by Defendants, Mr. Macedo was able to review the referenced documents and information and identify it to the Island Plaintiffs' prosecution counsel in order to consider whether appropriate disclosures needed to be made to the U.S. Patent and Trademark Office. Thus, barring Mr. Macedo from communicating with prosecution counsel, as the Defendants seek, may result in less effective representation for the Island Plaintiffs and a potential failure to disclose relevant prior art to the U.S. Patent and Trademark Office, and as a result the public, as well as potentially cause Mr. Macedo to violate his duties to the U.S. Patent and Trademark Office. *Cf.* 37 CFR 1.56(a).

While both Mr. Macedo and the Island Plaintiffs will be harmed by subjecting Mr. Macedo, the Island Plaintiffs' counsel of choice, to a prosecution bar, to the contrary, Defendants have not provided sufficient justification as to why the severe restriction they seek is necessary. Defendants contend that they possess "materials containing highly sensitive product development information" such as source code and engineering specifications that will need to be produced. (Defs. Mem. at 4). However, most, if not all, of the pertinent information in

---

*Infosint S.A. v. H. Lundbeck A.S.*, No. 06-Civ.-2869, 2007 U.S. Dist. LEXIS 36678, *16 (S.D.N.Y. May 16, 2007) (cited in Defs. Mem. at 6, 7). *See also In re Sibia*, 1997 U.S. App. LEXIS 31828, at *9-10 (noting with approval the district court's holding that "denying access to [defendant's] outside counsel would pose a serious and unnecessary hardship, especially because Mr. DeConti [who was involved in patent prosecution] had been [defendant's] patent counsel for more than one year prior to the commencement of the patent action and because the testimony at the hearing before the magistrate judge reflected Mr. DeConti's crucial role in the patent litigation").

Defendants' source code is publically available. Specifically, the relevant source code in this case implements terms and conditions Defendants provide to thousands of customers and contractual provisions that Defendants have made with dozens of third party financial institutions. The critical features at issue in this case are implementations of those terms and conditions and there is nothing secret or confidential about them since the substance of the supposedly sensitive information is publically available in numerous formats. Thus, the restriction Defendants seek appears not to be aimed at protection of information to a large extent already publically disclosed, but rather at prejudicing the Island Plaintiffs by limiting their ability to utilize Mr. Macedo's knowledge of the Island Plaintiffs' business and inventions to further this litigation. The potential harm Defendants claim is nonexistent.

## IV. CONCLUSION

For the reasons set forth herein, the Island Plaintiffs respectfully request that the Defendants' Motion for Reconsideration be denied. In sum, as required on a motion for reconsideration, Defendants have not presented any facts or arguments that could reasonably be expected to alter the conclusion reached by this Court. Further, Defendants nonetheless have not met (and cannot meet) their heavy burden of showing good cause to support incorporating a prosecution bar against Mr. Macedo into the protective order.

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN LLP

Dated: New York, New York
September 9, 2009

By /s/ Charles R. Macedo
Charles R. Macedo (CM 4980)

Of Counsel:
Anthony Lo Cicero (AL 7538)
Norajean McCaffrey (NM 5291)
Benjamin Charkow (BC 4455)

90 Park Avenue
New York, New York 10016
Tel.: (212) 336-8000
Fax: (212) 336-8001

Attorneys for Plaintiffs
Island Intellectual Property LLC, LIDs Capital LLC, Double Rock Corporation, and Intrasweep LLC