USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-18-09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
ISLAND INTELLECTUAL PROPERTY LLC,         :
et al.,                                   :
                                          :   09 Civ. 2675 (VM)
                   Plaintiff(s),          :
                                          :   DECISION AND ORDER
     -  against -                         :
                                          :
DEUTSCHE BANK AG, et al.,                 :
                                          :
                   Defendant(s).          :
------------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

## I. BACKGROUND

Plaintiffs, Island Intellectual Property LLC, LIDs Capital LLC, Double Rock Corporation and Intrasweep LLC (collectively, "Island"), brought this action alleging that Deutsche Bank AG, Deutsche Bank Trust Company Americas and Total Bank Solutions, LLC (collectively, "Deutsche")[1] infringed Island's patents relating to what the parties refer to as either "insured deposits" or "deposit sweep" financial services.

On August 19, 2009, Magistrate Judge Andrew Peck, to whom this matter has been referred for supervision of pretrial proceedings, orally denied Deutsche's request for a patent prosecution bar to be imposed on Island's lead counsel, Charles Macedo ("Macedo"). Deutsche moved Magistrate Judge

---

[1] Island initially also sued Promontory Interfinancial Network, LLC and MBSC Securities Corporation, but those parties were removed from the lawsuit after Deutsche filed the current objection with this Court.

Peck to reconsider the denial of its request. Both parties fully briefed the issue and on September 23, 2009, Magistrate Judge Andrew J. Peck issued an Opinion and Order (the "Opinion"), a copy of which is attached and incorporated herein, denying Deutsche's Motion for Reconsideration. Deutsche then filed objections to this Court challenging the Opinion's findings and conclusions. For the reasons stated below, the Court adopts the Opinion in its entirety.

## II. **STANDARD OF REVIEW**

A district court evaluating a Magistrate Judge's order with respect to a matter not dispositive of a claim or defense may adopt the Magistrate Judge's findings and conclusions as long as the factual and legal bases supporting the ruling are not clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A district judge, after considering any objections by the parties, may accept, set aside, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge with regard to such matters. Fed. R. Civ. P. 72(a); see also DeLuca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).

## III. **DISCUSSION**

Deutsche objects to Magistrate Judge Peck's refusal to impose a "patent prosecution bar" against Macedo. The bar requested by Deutsche would prevent Macedo from prosecuting

any patents in the area of "deposit sweep services" while the current lawsuit remains pending and for two years after the case is resolved.

The Court is not persuaded that Magistrate Judge's Peck decision was clearly erroneous. Patent prosecution bars are appropriate in some circumstances, but are not required when one party simply asserts that opposing counsel prosecutes patents involving the same technology at issue in a lawsuit. Instead, as Magistrate Judge Peck recognized, a court must examine the attorney's role in "competitive decisionmaking." U.S. Steel Corp v. United States, 730 F.2d 1465, 1468 (Fed. Cir. 1984); see also Phoenix Solutions Inc. v. Wells Fargo Bank, N.A., 254 F.R.D. 568, 580 (N.D. Cal. 2008) (applying "competitive decisionmaking" test in ruling on patent prosecution bar). This analysis considers whether an attorney's "activities, association, and relationship with a client" involve participation in the "client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." U.S Steel, 730 F.2d at 1468.

The Federal Circuit has also found that per se bars based on an attorney's general area of practice are not appropriate. In U.S. Steel, the Circuit Court held that the bare fact that an attorney was in-house counsel was not enough to prevent that attorney from accessing confidential information. See

-3-

730 F.2d at 1469.

Other courts have similarly disclaimed a per se patent prosecution bar based only on the fact that an attorney prosecutes patents. See, e.g., Sibia Neurosciences, Inc. v. Cadus Pharm., No. 96-1231, 1997 U.S. Dist. LEXIS 24130 (S.D. Cal. July 15, 1997), aff'd, In re Sibia Neurosciences, Inc., 132 F.3d 50, (Fed. Cir. 1997) (unpublished table decision); Avocent Redmond Corp. v. Rose Elecs., Inc., 242 F.R.D. 574, 579 (W.D. Wash. 2007).

However, a second line of cases has "concluded that patent prosecution is, by its very nature, a form of competitive decisionmaking because patent attorneys can control the nature and scope of a patented invention." Phoenix Solutions, 254 F.R.D. at 568 (citing In re Papst Licensing, MDL 1278, 2000 WL 554219, at *3 (E.D. La. May 4, 2000); Mikohn Gaming Corp. v. Acres Gaming Inc., 50 U.S.P.Q.2d 1783, 1784 (D. Nev. 1998)). Magistrate Judge Peck's Opinion acknowledged but did not adopt the conclusion from these cases that patent prosecution inherently constitutes competitive decisionmaking, thereby supporting a finding that a prosecution bar is always appropriate against attorneys who prosecute patents.

Deutsche attempts to portray Macedo as a competitive decisionmaker by pointing to 14 appearances he has made on behalf of Island before the United States Patent and Trademark Office, his supervision of patent prosecution at Island, and

his role as licensing and general intellectual property counsel at Island. In short, Deutsche argues that Macedo serves a vital role at Island as both de facto in-house counsel and patent prosecutor. The Court, however, finds that Deutsche has not established that Macedo participates in the activities -- "pricing, product design, etc." -- of a competitive decisionmaker. U.S Steel, 730 F.2d at 1468.[2]

Having conducted a review of the full factual record in this litigation, including the pleadings, and the parties' respective papers submitted in connection with the Motion for Reconsideration below and in this proceeding, as well as the Opinion and applicable legal authorities, the Court concludes that the findings, reasoning, and legal support for the recommendations made in the Opinion are not clearly erroneous or contrary to law and are thus warranted. To the extent there are two competing lines of jurisprudence in this area, the Magistrate Judge did not err in following one over the other. Accordingly, for substantially the reasons set forth in the Opinion, the Court adopts the Opinion in its entirety.

---

[2] Deutsche also argues that failing to impose a patent prosecution bar creates a conflict of interest for Macedo, whose duty to not disclose any confidential information learned during litigation competes with his duty of candor and good faith towards the Patent and Trademark Office imposed by 37 C.F.R. § 1.56. Deutsche further argues that the record did not support the Opinion's finding that Macedo's livelihood would be negatively impacted by a prosecution bar. The Court is not persuaded that either of these arguments presents clear error requiring reversal of the Magistrate Judge's Opinion.

## IV. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the Opinion and Order of Magistrate Judge Andrew Peck, dated September 23, 2009 (Docket No. 09 Civ. 2675), is adopted in its entirety, and the objections (Docket Nos. 63 and 75) of defendants Deutsche Bank AG, Deutsche Bank Trust Company Americas, and Total Bank Solutions LLC to the Magistrate Judge's denial of a patent prosecution bar against Charles Macedo are **DENIED**.

**SO ORDERED.**

Dated:   New York, New York
         18 November 2009

Victor Marrero
U.S.D.J.