# Don W. Martens

A Professional Corporation
Alternative Dispute Resolution Neutral

2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Tel 949-760-0404
Fax 949-760-9502
don.martens@kmob.com

November 28, 2011



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/11

**VIA FACSIMILE**

Hon. Victor Marrero
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Island Intellectual Property LLC, et al. v. Deutsche Bank Trust Co., et al.*
      U.S.D.C., Southern District of New York – Civil Action No. 09 Civ. 2675

Dear Judge Marrero:

Pursuant to the Court's Order of September 13, 2011 (Docket No. 181), the parties fully briefed the claim construction issues remaining in this case. I reviewed the briefs and on November 22, 2011, issued tentative rulings on claim construction as set forth in Attachment A.

On November 23, 2011, the parties notified me that they have agreed to adopt the tentative rulings on claim construction. The attached email and chart, Attachment B hereto, set forth the parties agreed constructions. In addition, I have confirmed with both parties that they agree with my tentative ruling on the "managing" terms in the preambles as set forth in Attachment A.

Thus, it is recommended that the court enter an order adopting the claim constructions as set forth in Attachment B, and further that the "managing" terms in the preambles is not a limitation and thus does not need further construction.

Very truly yours,

Don W. Martens
Special Master

Attached Exhibits

12333407
112811

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by *Special Master Don Martens*.

**SO ORDERED.**

11-30-11
DATE

VICTOR MARRERO, U.S.D.J.

# ATTACHMENT A

ISLAND IP v DEUTSCHE BANK

TENTATIVE RULINGS ON CLAIM CONSTRUCTION

I.   The "managing" terms

Tentatively, I conclude that the term 'managing" in the preamble is not a limitation. The preamble term "managing" does not give life, meaning and vitality to the claim. *Catalina.* Rather than being an essential step, it generally describes the function of the claimed steps. The "managing" term adds nothing to the defined steps which themselves define what is done in "managing" the accounts as recited generally in the preamble.

The "agent/managing" term in '286 7(2), tentatively is construed to mean:
"an entity that has an agency relationship with the customer financial entity to perform the claimed steps." (I am not certain whether the agency relationship is with the customer or with the customer financial entity).

II.   The "maintaining" terms

Although the preferred embodiment identifies the agent as owning the aggregated FDIC insured accounts. The claims recite a number of steps the agent does to maintain the aggregated accounts, but do not recite that the agent "owns them." My bookkeeper "manages" my business accounts, but he does not own them. Tentatively, I do not see why that limitation should be read into the claims.

I am inclined to adopt Defendant's constructions, but deleting "by owning the accounts". However, I am not sure that any construction is needed at all. Is "sustaining" any more understandable to a jury than "maintaining"?

III.   The "determining" terms

The parties have agreed on a definition of "determining" as 'identifying or ascertaining". I agree with that construction.

The remaining dispute is over the examples proposed by Plaintiffs. While examples sometimes can be helpful, it seems in this instance examples are unnecessary and are inappropriately geared to list the accused activity as an example.

Tentatively, I would adopt the Defendants' Revised Proposed Constructions stated in the boxes on pp. 6 and 7 of Defendants' Reply brief.

IV.   The "parameter" clause

The specification states:
"Generally, a Customer financial entity specifies interest allocation methods to the agent by providing *parameters* that determine a functional relationship between one or more characteristics of a Client account and an interest rate used to compute interest income on the Client's balance. (11:23-27, emphasis added).

This appears to provide a solid basis for construction of the term "parameter".

Tentatively, I would adopt Defendants' proposed construction, but substituting "identified or ascertained' for "decided" and adding:
"For example, one consideration could be the relationship between a characteristic of a client account and an interest rate used to compute interest on the client's balance."

I believe the example will be helpful here and it tracks the one example given in the specification.

V.  "a respective balance in the respective client transaction account"

Tentatively, Plaintiffs' proposed construction adds much to the plain language which is neither necessary nor appropriate. In addition Plaintiff's construction would seem to be confusing to a jury, while the plain language seems quite clear. Defendants' proposed construction is consistent with the plain language, but clarifies it.

Thus, tentatively I am inclined to adopt Defendants' proposed construction.

VI.  "intermediate bank"

It seems clear that an "intermediate" bank must be between two entities. Plaintiffs' proposed construction seems to disregard the term "intermediate". Defendants' proposed construction appears to correctly identify the two entities the intermediate bank is between. Plaintiffs' language "through which funds flow" seems helpful to the jury. Therefore, the tentative construction is:

"a bank through which funds flow between the one or more FDIC banking institutions and the entities holding the client accounts."

VII.  "client account information"

Tentatively, it seems the plain meaning of this term is clear and sufficient. The information necessary is only that required for performance of other claimed steps. Information which is required for performance of other steps is included within the plain meaning of this term and no further construction is required. The applicants chose not to expand this limitation to specify the information included and it appears improper to re-write the claim to do that.

H:\DOCS\DWM\DWM-2975.DOC
112111

# ATTACHMENT B

11/30/2011 09:29 FAX 949 760 9502 KMOB OC   Case 1:09-cv-02675-KBF   Document 210   Filed 11/30/11   Page 6 of 9

**Don.Martens**

| | |
|---|---|
| **From:** | Finn, Jeffrey A. [JFinn@Sidley.com] |
| **Sent:** | Wednesday, November 23, 2011 3:51 PM |
| **To:** | Don.Martens |
| **Cc:** | IslandIP; Island_IP_v_Deutsche_Bank; Angela.Mayes |
| **Subject:** | Island IP, et al. v. Deutsch Bank, et al. - Agreed To Claim Constructions |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |
| **Attachments:** | Island IP_ Agreed Claim Construction (2).pdf |

Dear Mr. Martens:

The parties have conferred and agree to adopt your tentative rulings on claim construction. The attached chart sets forth the parties' agreed constructions. Further, the parties agree that there is no need for construction of the "maintaining" terms or the term "client account information." The parties also agree that the "maintaining" terms do not require "by owning the accounts." Accordingly, there is no longer a need for a hearing on the claim construction issues. Please enter an order or recommendation incorporating these points with the parties' agreed upon constructions.

Thank you for your assistance with this matter. We look forward to seeing you on Wednesday for the oral argument on the Summary Judgment motion.

Have a nice Thanksgiving holiday weekend,

Jeff and Charley

Jeffrey A. Finn
Sidley Austin, LLP
555 West Fifth Street, 40th FL
Los Angeles, CA 90013
jfinn@sidley.com
(213) 896-6676 (direct)
(213) 896-6800 (fax)

---

IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.
*************************************************************

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

11/28/2011

## PARTIES' AGREED CLAIM CONSTRUCTION
*Island IP et al. v. Deutsche Bank Trust Company Americas et al.*
Case No. 09 Civ. 2675 (VM) (RLE)

| Term | Claim(s) | Agreed Construction |
|---|---|---|
| "an agent entity managing the client accounts on behalf of the customer financial entity" | '286 7[2] | an entity that has an agency relationship with the customer financial entity to perform the claimed steps. |
| "determining" | '772 1(E) <br> '886 1(b) <br> '734 1(3) <br> '734 8(3) | identify or ascertain by using the information (in each of the limitation). |
| "determining ... a respective interest rate from among a plurality of interest rates in an interest-allocation procedure based at least in part on the updated balance of funds associated with the respective client account in the subset" | '286 1[6] <br> '286 15[7] | identify or ascertain using one or more computers which interest rate to apply from a plurality of interest rates in an interest-allocation procedure based at least in part on the updated balance of funds from the previous step 1[5] (or step 15[6]) of each respective client account in the subset in the program. |
| "determining the interest-allocation procedure for each of a plurality of respective client accounts based at least in part on the customer financial entity associated with the respective client account" | '286 2[2] | identify or ascertain which interest-allocation procedure to apply for each of the plurality of respective client accounts managed in the program by taking into consideration at least in part the customer financial entity associated with the respective client account. |

| Term | Claim(s) | Agreed Construction |
|---|---|---|
| "[the interest-allocation procedure] is determined at least in part based on a parameter related to the customer financial entity" | '286 7[3] | the interest-allocation procedure is identified or ascertained by at least taking into consideration a characteristic element related to the customer financial entity. For example, one consideration could be the relationship between a characteristic of a client account and an interest rate used to compute interest on the client's balance. |
| "a respective balance in the respective client transaction account" | '772 1(A)(ii)(1) | a balance of a client transaction account held at the client's bank. |
| "intermediate bank" | '734 1[5] '734 8[5] | a bank through which funds flow between the one or more FDIC banking institutions and the entities holding the client accounts. |